### KANE BOILER WORKS, Inc. v. WOOD et al.
### No. 12207.

Court of Civil Appeals of Texas. Galveston.
Oct. 18, 1951.

Rehearing Denied Dec. 6, 1951.

Bleecker L. Morse, Wigley, McLeod, Mills & Shirley and Preston Shirley, all of Galveston, for appellant.

Marsene Johnson, Jr., Williams & Thornton and Bryan F. Williams, all of Galveston, for appellee Mrs. Bertha Wood.

Armstrong, Barker, Bedford & Lambdin, Griffith D. Lambdin, all of Galveston, for appellee Liberty Mut. Ins. Co.

MONTEITH, Chief Justice.

This is a second hearing in an action brought by appellee Mrs. Bertha Wood for the recovery of damages for the death of her husband, Ralph Wood, which was alleged to have been caused by the negligence of the employees of appellant, Kane Boiler Works, Inc., in furnishing him with defective pipe for inspection and with a defective machine with which to test the pipe, which resulted in his death.

Appellant, Kane Boiler Works, Inc., relied on the proposition that, since the deceased was employed by it for the sole purpose of inspecting and testing said pipe for flaws and defects and was on the premises for that purpose alone, no recovery could be had for his death if it was caused by the defects in the pipe he was employed to inspect.

The facts adduced in the trial court are fully set out in this Court's opinion in Vol. 232 S.W.2d page 866, and in the opinion of the Supreme Court in Vol. 238 S.W.2d 172, 177. In the trial court judgment was rendered in favor of appellee, Mrs. Bertha Wood, in the sum of $32,389.52 and in favor of intervenor, Liberty Mutual Insurance Company, in the sum of $8,524.40. On appeal to this Court, the judgment of the trial court was reversed and judgment was rendered in favor of appellant, this Court holding that, as a matter of law, Ralph Wood's injuries and death had resulted from conditions which it was his duty to look for and to repair, for which appellant was not responsible to appellee. The Supreme Court held that this Court was in error in so holding in that "* * * there was a way prescribed by the industry which, if observed, would insure that the seam resulting from rolling of the two ends of the plate together could be so fused by welding along the center of the seam that the pipe would withstand the 1000-pound-per-square-inch pressure which respondent knew was to be applied in the inspection

shortly to be made by Wood on its premises and with the aid of its own employees; and there was a gauge test which it had agreed to use and which it could quickly and easily make after welding this seam to determine whether the weld had been properly centered and properly applied. Yet respondent failed so to weld the pipe and its failure produced a defect—lack of fusion at the seam—which its own employee could not see after the pipe had been chipped and 'V-grooved' for rewelding at the direction of Wood following the preliminary inspection." The Supreme Court held that under those circumstances it could not be said that Wood had either actual or implied knowledge of the specific defect and that the doctrine of assumed risk applies only in cases of master-servant relationship; and that, under this record, Ralph Wood had neither actual nor implied knowledge of the specific defect which caused his death. The Supreme Court remanded the case to this Court for the consideration of numerous points presented in this Court which were rendered immaterial under its conclusion as to some of which the Supreme Court had no jurisdiction, including the excessiveness of the verdict.

We have carefully reviewed all assignments presented which were not passed on by this Court in its first opinion, including the assignment as to the excessiveness of the verdict, and, finding no reversible error, under the express holding of the Supreme Court, the judgment of the trial court must be in all things affirmed.